**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   CORY STOKES, on behalf of himself and all
    others similarly situated,

10                                                          No. C 12-05527 JSW

                    Plaintiff,

11

    v.

12                                                          **ORDER DENYING MOTION TO**
                                                            **REMAND AND DENYING**
13  INTERLINE BRANDS, INC.,                                 **MOTIONS TO DISMISS**
    CLEANSOURCE, INC., and DOES 1-50,
    inclusive,

14

                    Defendants.

15

16  _____/

17          Now before the Court is the motion to remand filed by plaintiff Cory Stokes and the

18  motions to dismiss filed by Defendant Interline Brands, Inc. and CSE Holdings, Inc.

19  (incorrectly sued as CleanSource, Inc.).  Pursuant to Local Rule 7-1(b), the Court finds these

20  matters suitable for resolution without oral argument, and the hearing set for February 22, 2013,

21  is hereby VACATED.  Having carefully reviewed the parties' papers and considered their

22  arguments and the relevant legal authority, the Court hereby DENIES Plaintiffs' motion to

23  remand and DENIES Defendants' motions to dismiss.[1]

24                                  **BACKGROUND**

25          On August 15, 2012, Plaintiff filed a class action complaint in the Superior Court for the

26  County of San Francisco against his former employers, Interline Brands, Inc. ("Interline") and

27  _____

28          [1] In making the determination that this Court may exercise jurisdiction over this
    matter, the Court finds that Defendant named as CleanSource, Inc., which is currently known
    as CSE Holdings, Inc., is a sham defendant and no longer part of the case.  However, because
    the arguments in its motion to dismiss are essentially identical to the motion to dismiss filed
    by Interline Brands, Inc., the Court has addressed their substance.

**United States District Court**
For the Northern District of California

1    CleanSource, Inc. ("CleanSource"). On September 26, 2012, Plaintiff filed a First Amended

2    Complaint in that action. On October 26, 2012, Defendant Interline removed to this Court and

3    averred that Defendant CleanSource was "a fraudulently joined sham and nominal defendant,"

4    whose consent was to be disregarded for purpose of removal, but "to the extent such consent is

5    deemed to be required, ... [CleanSource] prophylactically joins" in the removal. (Notice of

6    Removal at 2.) Defendants moved to dismiss and/or to strike Plaintiff's first amended

7    complaint on the basis that the factual allegations are insufficient to give notice under Federal

8    Rule of Civil Procedure 8(a)(2).

9          The Court shall address specific additional facts as necessary in its analysis.

10                                        **ANALYSIS**

11   **A.     Motion to Remand.**

12         **1.     Relevant Legal Standards on Motion to Remand.**

13         While diversity jurisdiction under 28 U.S.C. § 1332 ordinarily requires complete

14   diversity of the parties, removal is proper despite the presence of a non-diverse defendant when

15   that defendant was fraudulently joined, in other words, where that defendant is merely a "sham"

16   defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In this circuit, if a plaintiff

17   "fails to state a cause of action against a resident defendant, and the failure is obvious according

18   to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v.*

19   *Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987). A fraudulently joined non-diverse defendant

20   will not defeat jurisdiction. *Id.* The party asserting the fraudulent joinder bears the burden of

21   proof and remand must be granted unless the defendant can show that there is no possibility that

22   the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.

23   *See Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal.

24   1999). "The strong presumption against removal jurisdiction means that the defendant always

25   has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th

26   Cir. 1992) (internal quotations omitted). "Courts should resolve doubts as to removability in

27   favor of remanding the case to state court." *Id.*

28

**United States District Court**
For the Northern District of California

1   **2.      Diversity Jurisdiction and Sham Defendant.**

2       In a declaration from the president of CSE Holdings, Inc. (the current name of

3   CleanSource), Defendant states that CleanSource has ceased all business operations and sold its

4   assets and any portion of its potential liabilities to Plaintiff and the identified class of employees

5   to Interline.  (*See* Declaration of Gary Fredkin at ¶ 2-4.)  Although there is no transfer

6   agreement in the record, the declaration confirms that all unpaid debts were effectively

7   transferred to Interline and the company no longer has any ongoing business operations or

8   operations-related assets.  *See Ray v. Alad Corp.*, 19 Cal. 3d 22, 34 (1977).  Accordingly, the

9   Court finds that CleanSource is a sham defendant and may disregard its presence in this action

10  for purposes of diversity jurisdiction.  Without the presence of CleanSource, there is complete

11  diversity among the parties.

12  **3.      Jurisdiction and Amount in Controversy.**

13      In moving to remand this action, Plaintiff also contends that the amount in controversy

14  does not exceed the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1332(a)(1).  Although

15  the complaint alleges damages in an amount less than the minimum for Plaintiff as an

16  individual, Defendant contends that the actual amount derived from actual employee records, in

17  the aggregate, far exceeds the minimum jurisdictional amount.  In support of this contention,

18  Defendant submits the declaration of Janice Ramsey, the Human Resources Director for the

19  CleanSource division of Interline, who attests that there were 56 individuals employed by

20  Interline as account managers during the relevant time period and that Interline issued at least

21  1,495 wage statements to those managers.  (*See* Declaration of Janice Ramsey, ¶ 2.)

22      The issue of how the amount in controversy is calculated in an action under the

23  California Labor Code Private Attorneys General Act ("PAGA") has not been addressed by the

24  Ninth Circuit and remains a divided issue among recent district courts.  Plaintiff cites cases in

25  which the courts have determined that the amount in controversy for a private plaintiff who

26  brings a PAGA action should be measured by that individual's separately alleged damages.  *See*

27  *Zator v. Sprint/United Management Co.*, 2011 WL 1168319, at *1 (S.D. Cal. Mar. 29, 2011)

28  ("The claim by one plaintiff must satisfy the $75,000 amount in controversy requirement; the

3

1   claims of other aggrieved employees cannot be aggregated to reach that threshold."); *see also*

2   *Pulera v. F. & B. Inc.*, 2008 WL 3863489, at *4 (E.D. Cal. Aug. 19, 2008) ("The amounts

3   recoverable by Plaintiff based on his PAGA claims are separate and distinct from the amounts

4   recoverable by the State of California via the LWDA [Labor and Workforce Development

5   Agency], and therefore these amounts may not be aggregated.").

6          However, because the Court finds that a private plaintiff who brings a PAGA action is

7   "essentially bringing a law enforcement action designed to protect the public and not to benefit

8   private parties," this Court finds the cases permitting aggregation of damages more persuasive.

9   *See Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009).  The plaintiff in a PAGA action

10  "represents the same legal right and interest as state labor law enforcement agencies – namely,

11  recovery of civil penalties that otherwise would have been assessed and collected by the

12  [LWDA]."  *Id.*  Accordingly, the Court finds that the amount in controversy may be calculated

13  by aggregating the civil penalties of all the potentially aggrieved employees.  *See Urbino v.*

14  *Orkin Services of California, Inc.*, 2011 WL 4595249, at *4-8 (C.D. Cal. Oct. 5, 2011) (holding

15  that "the amount in controversy in a PAGA claim is predicated on the total amount of civil

16  penalties sought by the aggrieved employees"); *see also Thomas v. Aetna Health of California,*

17  *Inc.*, 2011 WL 2173715, at *19 (E.D. Cal. June 2, 2011) (holding that a PAGA claim is

18  "common and undivided because the right to pursue the action derives solely from the LWDA's

19  interest in enforcement of the Labor Code," while "[a]ggrieved employees have no right to seek

20  any individual recovery under PAGA and are precluded from bringing repeated PAGA suits.").

21  The uncontroverted evidence in the record establishes sufficient aggregate claims to exceed the

22  jurisdictional minimum.

23         Because the parties are completely diverse and the amount in controversy exceeds the

24  jurisdictional threshold, this Court may properly exercise jurisdiction over this matter.

25  Accordingly, Plaintiff's motion to remand and request for attorneys' fees is DENIED.

26

27

28

**United States District Court**
For the Northern District of California

1    **B.    Motion to Dismiss and/or to Strike.**

2        **1.    Legal Standard re Motion to Dismiss.**

3        A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

4   pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited

5   to the allegations in the complaint, which are accepted as true and construed in the light most

6   favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

7   Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a

8   plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

9   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

10  do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478

11  U.S. 265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is

12  conceivable but must instead allege "enough facts to state a claim to relief that is plausible on

13  its face. *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content

14  that allows the court to draw the reasonable inference that the defendant is liable for the

15  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

16  556).

17       **2.    Legal Standard re Motion to Strike.**

18       Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any

19  pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

20  matter."  Immaterial matter "is that which has no essential or important relationship to the claim

21  for relief or the defenses being pleaded." *Cal. Dept. of Toxic Substance Control v. ALCO*

22  *Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations

23  omitted).  Impertinent material "consists of statements that do not pertain, or are not necessary

24  to the issues in question." *Id.*  Scandalous material "casts a cruelly derogatory light on a party

25  or other person." *In re 2TheMart.com, Inc. Sec. Litig.,* 114 F. Supp. 2d 955, 965 (C.D. Cal.

26  2000).  Motions to strike are regarded with disfavor because they are often used as delaying

27  tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun*

28  *Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  The possibility that issues will

be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. at 1028.

Federal Rule of Civil Procedure 23(d)(1)(D) permits the Court to strike class allegations and require that pleadings "be amended to eliminate therefrom allegations as to representation of absent persons."

### 3.   Motions are Premature.

Defendants move to dismiss Plaintiff's claims on the basis that the factual allegations are insufficient to give notice under Federal Rule of Civil Procedure 8(a)(2). A pleading must contain a "short and plan statement of the claim showing that the pleading is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me allegation." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted). Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.

Plaintiff makes the claim that he and the putative class were employees who incurred work-related expenses which Defendants did not reimburse and who had these business costs deducted from their wages. (*See* Amended Complaint at ¶¶ 5, 8, 13-15.) Plaintiff also claims that Defendants engaged in a systematic practice and implemented a policy of failing to reimburse class members for business expenses and deducting those expenses from the wages of class members. (*See id.* at ¶ 12.) In his amended complaint, Plaintiff delineates the types of employees and the time period at issue.

The Court finds that the motions to dismiss and to strike these allegations are premature. This is the stuff of discovery and, if appropriate, a summary judgment motion. The allegations of violations of California law are clearly set out; Plaintiff alleges that during his own employment, Defendant failed to reimburse him personally. *Cf Lopez v. Wendy's International, Inc.*, 2011 WL 6967932, at *19 (C.D. Cal. Sept. 19, 2011). In addition, at this procedural posture, the class allegations of a uniform policy are sufficiently alleged to provide notice of the potential pool of affected employees. In order to defeat the motion to remand, Defendant was

1    able to estimate the number and potential damages to the relevant pool of employees.

2    Accordingly, Defendants' motions to dismiss are DENIED.

3                                    **CONCLUSION**

4           For the foregoing reasons, Plaintiff's motion to remand is DENIED.  Defendants'

5    motions to dismiss are DENIED.  The initial case management conference remains on calendar

6    on March 29, 2013 at 1:30 p.m.

7           **IT IS SO ORDERED.**

8

9    Dated:   February 13, 2013                    

10                                                  JEFFREY S. WHITE
                                                    UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7