United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY STOKES, | No. C-12-05527 JSW (DMR) |
| Plaintiff(s), | **ORDER RE JOINT DISCOVERY LETTER [DOCKET NO. 35]** |
| v. | |
| INTERLINE BRANDS INC, | |
| Defendant(s). | |

Before the court is a discovery letter brief ("Letter") filed by Plaintiff Cory Stokes ("Plaintiff") and Defendant Interline Brands Inc. ("Defendant"). [Docket No. 35.] In the Letter, Plaintiff moves the court to compel Defendant to produce a witness for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) and to provide responses for two interrogatories. The court conducted a hearing on August 8, 2013. For the reasons stated below as well as at oral argument, Plaintiff's motion to compel is granted.

## I. BACKGROUND

On August 15, 2012, Plaintiff filed a class action complaint in the Superior Court for the County of San Francisco against his former employers Defendant and CSE Holdings, Inc.[1] On September 26, 2012, Plaintiff filed a First Amended Complaint ("FAC"). On October 26, 2012,

---

[1] CSE Holdings, Inc. was erroneously sued as "CleanSource, Inc.", and was subsequently dismissed from this action. *See* Docket No. 28.

Defendant and CSE Holdings, Inc. removed to this court. In the FAC, Plaintiff claims that Defendant failed to reimburse him and the other putative class members for work-related expenses, deducted costs and expenses from Plaintiff's wages and the wages of the other putative class members, and failed to provide Plaintiff and the other putative class members with accurate wage statements. FAC [Docket No. 1] at ¶¶ 6, 8, 13-15. Plaintiff alleges that these failures were systematic practices and policies that Defendant applied to "a class of persons employed by Defendant in California as account managers between the four years preceding the filing of the action and the present." *Id.* at ¶¶ 10, 12. Specifically, Plaintiff claims that Defendant failed to properly reimburse him and other class members for his car mileage and cell phone expenses (by capping maximum reimbursement at a dollar amount rather than reimbursing him for actual usage), improperly deducted a percentage of his sales commissions from his wages if customers paid with credit cards, and failed to timely provide wage statements. Letter at 1, Ex. C (Plaintiff's response to Defendant's Interrogatory Nos. 1, 5).

On November 15, 2012, Defendant and CSE Holdings, Inc. filed a motion to dismiss and strike the FAC on the basis that the factual allegations in the FAC were insufficient pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(6) and 12(f). [Docket No. 13.] On February 13, 2013, Judge White denied the motion to dismiss:

> The Court finds that the motions to dismiss and to strike these allegations are premature. This is the stuff of discovery and, if appropriate, a summary judgment action. The allegations of violations of California law are clearly set out . . . . In addition, at this procedural posture, the class allegations of a uniform policy are sufficiently alleged to provide notice of the potential pool of affected employees.

[Docket No. 22 at 6.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party

2

opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

Federal Rule of Civil Procedure 30(b)(6) governs depositions of organizations. A party may name a corporation or other organizational entity as a deponent. The notice of deposition must describe the topics for examination with reasonable particularity. Fed. R. Civ. P. 30(b)(6). "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). "A corporate designee need not have personal knowledge of the topics at issue but must be sufficiently prepared on the topics such to be able to provide knowledgeable and binding testimony." *GE Co. v. Wilkins,* Case No. 10-CV-00674 LJO JLT, 2012 WL 2376940, at *11 (E.D. Cal. June 22, 2012) (citing *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.,* 251 F.R.D. 534, 539 (D. Nev. 2008).

### III. DISCUSSION

**A. Plaintiff's Interrogatory No. 1**

Plaintiff's Interrogatory No. 1 requests that Defendant "identify the contact information for all persons employed by [Defendant[2]] as account managers in California [during the putative class period from August 15, 2008 to the present]." Letter Ex. B. At oral argument, Plaintiff represented that there are approximately 57 putative class members.

Defendant objected to the interrogatory on the basis of confidentiality and privacy concerns, and refused to respond. Defendant also argues that the contact information of the putative class is not discoverable until Plaintiff can make a prima facie showing that he can satisfy the requirements for class certification under Federal Rule of Civil Procedure 23. Defendant further contends that

---

[2] At the hearing, Defendant objected that it should not have to produce the contact information of putative class members employed prior to Defendant's acquisition of CSE Holdings, Inc., but the court rejected that argument and ordered that Defendant should respond to this discovery request to the extent it has any responsive information in its possession, custody or control.

3

since Plaintiff is challenging Defendant's allegedly unlawful reimbursement *policies*, discovery on the policies alone should suffice at this time.[3]

Defendant's arguments are unavailing. Judge White has already denied Defendant's motion to dismiss the case and to strike the class allegations, holding that Plaintiff's class allegations were sufficiently pled. "Pre-certification communication by class counsel with potential class members must be permitted . . . after a prima facie case is alleged and a motion to dismiss is denied." *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507 (C.D. Cal. 2011) (plaintiff was entitled to reasonable pre-certification discovery because plaintiff had stated a prima facie case for class relief; defendant's motion to dismiss had been denied and the district judge had specifically found that the Rule 23 requirements had been sufficiently pled). *See also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981) (class counsel in Rule 23 class actions must be permitted communications with potential class members for the purpose of notification and gathering information, even prior to class certification); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court . . . . Although a party seeking class certification is not always entitled to discovery on the class certification issue, the propriety of a class action cannot be determined in some cases without discovery.") (citations omitted). As Judge White stated in his order, "[t]his is the stuff of discovery." Having stated a prima facie case for class relief, Plaintiff must be permitted reasonable discovery to develop his argument on the issue of class certification.

Defendant's refusal to produce class member information based on assertion of class members' privacy rights is also without merit. "Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal. 4th 360, 373 (2007) ("Such disclosure involves no revelation of personal or business

---

[3] This last argument is especially curious in light of Defendant's refusal to provide Plaintiff with meaningful discovery responses on the very policies Defendant claims will obviate the need for Plaintiff's discovery about the putative class, as discussed below. Defendant's position leaves Plaintiff without access to the information it needs to support its class certification argument.

secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches."). *See also Gulf Oil*, 452 U.S. at 89-90 (district court abused its discretion by imposing ban on communications between counsel and any potential class member without the court's prior approval; such an order involves serious restraints on the parties' First Amendment rights to expression and should therefore be based on a clear record and specific findings reflecting a weighing of the need for a limitation and potential interference with the parties' rights). Courts may instruct parties to fashion their discovery to further protect the privacy interests of putative class members, e.g. by mailing them opt-out notices before the defendant provides the requested contact information or by producing discovery pursuant to a protective order. *Pioneer Electronics*, 40 Cal. 4th at 373; *Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186 at *2 (N.D. Cal. June 25, 2013) (noting that "numerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members") (quotations omitted).

Plaintiff's request for the name, address, phone number, and email address of members of the putative class is a reasonable, narrow request directly relevant to the issue of class certification. The court thus grants Plaintiff's motion to compel Defendant to produce this information, pursuant to a protective order. The parties are instructed to meet and confer regarding a protective order, as discussed at the hearing. If the parties are unable to agree, any joint discovery letter on that dispute must be filed by August 14, 2013. Defendant must provide responses to Plaintiff's Interrogatory No. 1 within a week of this court's entry of the parties' protective order.

**B. Plaintiff's Interrogatory No. 4**

Plaintiff's Interrogatory No. 4 requests that Defendant "identify each person who prepared, wrote, drafted, authorized or approved [Defendant's] reimbursement policies or procedures" in effect in the relevant time frame. Letter Ex. B. Defendant states that it has produced its employee handbook. Letter Ex. D. Defendant says it "cannot even begin to supplement its response until it knows the exact policy the interrogatory is directed to." Letter at 8. The court finds the plain language of the interrogatory to be sufficiently specific: the FAC alleges that Defendant had a

5

systematic practice or policy of making unlawful deductions from Plaintiff's wages and of failing to reimburse him for his work-related expenses; the interrogatory seeks the identity of each person who had a hand in creating those policies or procedures. Accordingly, Defendant is ordered to produce a response to Interrogatory No. 4 by August 21, 2013.

**C. Plaintiff's Rule 30(b)(6) Deposition**

On April 5, 2013, Plaintiff served Defendant with a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6). Defendant has agreed to provide a witness after Plaintiff meets and confers regarding Defendant's objections regarding some topics and document requests in the 30(b)(6) notice. The parties did not attach the deposition notice to the joint discovery letter, so the court cannot evaluate the propriety of all of the topics and document requests. Defendant does point to one specific objection to the 30(b)(6) notice, which is the same as its objection to Interrogatory No. 4; namely, Defendant claims it cannot identify what "policies" Plaintiff seeks testimony about. For the reasons stated above, the court finds that Plaintiff has adequately identified the policies that his discovery requests target.

At the hearing, the court directed the parties to meet and confer in the courthouse regarding the scope and scheduling of the Rule 30(b)(6) deposition.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to compel Defendant to respond to Interrogatory Nos. 1 and 4 and to produce a witness for the Rule 30(b)(6) deposition is **granted**.

IT IS SO ORDERED.

Dated: August 9, 2013

DONNA M. RYU
United States Magistrate Judge